IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| LOW BOOK SALES AND LEASING, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BELOW BOOK MOTORS, INC., CHRISTOPHER PLATT, and DONALD JAMES ELDREDGE,<br><br>Defendants. | **ORDER**<br><br>Case No.: 2:07CV-00003<br><br>Judge Dee Benson |

Plaintiff Low Book Sales and Leasing, Inc. ("Low Book") moves the Court for a preliminary injunction preventing Defendant Below Book Motors, Inc. ("Below Book") from using the name Below Book and associated marks in conjunction with its business of selling used cars. Having considered the parties' arguments and the relevant law, the Court now GRANTS Plaintiff's motion.

In order to merit the grant of a motion for preliminary injunction, a movant must show

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). The parties' arguments have turned largely on the first element, that is, whether Low Book has demonstrated a substantial likelihood of success on their claim that Below Book's name and marks violate Low Book's trademark rights.

The central inquiry in a trademark infringement case is the likelihood of confusion between a defendant and plaintiff's marks. *Team Tires Plus, LTD. v. Tires Plus, Inc.*, 394 F.3d

831, 832 (10th Cir. 2005). The Tenth Circuit Court of Appeals has identified a list of factors to consider in making this determination:

> (a) the degree of similarity between the marks;
>
> (b) the intent of the alleged infringer in adopting its mark;
>
> (c) evidence of actual confusion;
>
> (d) the relation in use and the manner of marketing between the goods or services marketed by the competing parties;
>
> (e) the degree of care likely to be exercised by purchasers; and
>
> (f) the strength or weakness of the marks.

*Team Tires,* 394 F.3d at 833. While not all of these factors favor Plaintiff equally, all do weigh in Plaintiff's favor. The name and initial logo used by Defendants bear a striking resemblance to Plaintiff's name and mark, a similarity that suggests Defendants' intention was to trade on Plaintiff's success. Defendants' eagerness to associate themselves with Plaintiff's marks is unsurprising in light of the strength of Plaintiff's mark; Plaintiff has expended considerable resources in advertising and policing the use of its mark and has enjoyed considerable success. While Plaintiff did not produce a large quantum of evidence of actual confusion, the relative paucity of its evidence is likely to have been the result of the speed with which Plaintiff acted to address Defendants' name and signage. In a previous case in this district involving Low Book as plaintiff and a different defendant attempting to use the name Below Book Sales, Low Book was, after conducting discovery, able to produce abundant evidence of actual confusion. In the case presently before this Court, Low Book brought its motion for preliminary injunction only a few weeks after Defendant adopted its current name and marks, and has conducted no discovery. Even after this brief period, Plaintiff has been able to proffer some evidence of actual confusion. Plaintiff's and Defendants' marks are used and marketed in very similar ways, and Defendants

have done nothing to refute Plaintiff's arguments that the relevant clients do not exercise that degree of care in making this particular purchase that would help to protect against confusion.

Plaintiff had demonstrated a strong likelihood of success on the merits of its trademark infringement claim. Given the short time Defendants have been in business under the infringing name, their damages are less significant than the loss of business—and possibly of good will and good reputation—Plaintiff will suffer if the infringing use is continued. Plaintiff has satisfied the demanding standard for a grant of preliminary injunctive relief and Plaintiff's motion is, accordingly, GRANTED.

**IT IS SO ORDERED**

DATED this 30th day of January, 2007.

_____
Dee Benson
United States District Judge